1  JACKSON & ASSOCIATES, INC.
   Robert J. Jackson, Esq., SBN 53809
2  4199 Campus Drive, Suite 700
3  Irvine, CA 92612
   Tel: (949) 854-2244/ Fax: (949) 892-1327
4  rjackson@jandalegal.com

5  WRIGHT, FINLAY & ZAK, LLP
6  Robin Prema Wright, Esq. SBN 150984
   Darlene C. Vigil, Esq. SBN 223442
7  Kathy Shakibi, Esq., SBN 237182
   4665 MacArthur Court, Suite 280
8  Newport Beach, CA 92660 (Pass/Pleadings/MxtoRemand)
9  Tel: (949) 477-5050/Fax: (949) 477-9200
   kshakibi@wrightlegal.net
10
11 Attorneys for Plaintiff and Moving Party,
   HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee
12

13                    UNITED STATES DISTRICT COURT
14
         CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION (SANTA ANA)
15

16  HSBC BANK USA, NATIONAL            ) Case No.: SACV08-00206 AHS (ANx)
17  ASSOCIATION, as Trustee,           ) Hon. Alicemarie H. Stotler
                                       )
18                                     ) NOTICE OF MOTION AND MOTION TO
                Plaintiff,             ) REMAND CASE AND REQUEST FOR
19                                     ) ATTORNEYS FEES AND COSTS;
                                       ) MEMORANDUM OF POINTS AND
20       v.                            ) AUTHORITIES IN SUPPORT THEREOF;
                                       ) DECLARATION OF DARLENE VIGIL IN
21                                     ) SUPPORT OF MOTION
22  FRANZ W. PASS;                     )
    and DOES 1 through 100, inclusive, ) *[Filed Concurrently With Request for Judicial*
23                                     ) *Notice]*
24                                     )
                                       ) DATE:   April 21, 2008
25              Defendants.            ) TIME:   10:00 a.m.
26                                     ) COURTROOM: 10A
                                       )
27                                     )
                                       )
28                                     )

                                      1

NOTICE OF MOTION AND MOTION TO REMAND CASE

TO THE HONORABLE ALICEMARIE H. STOTLER, DEFENDANT FRANZ W. PASS, IN PRO PER, ALL INTERESTED PARTIES AND TO THEIR COUNSEL OF RECORD, IF ANY:

PLEASE TAKE NOTICE that on April 21, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10A of the above-entitled court, located at 411 West Fourth St., Santa Ana, California 92701-4516, Plaintiff HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE ("HSBC" or "Plaintiff") will move this Court for an order remanding this case to the Superior Court of the State of California, County of Orange-Harbor Justice Center and for an award of reasonable attorney's fees and costs in the amount of $1,837.50.

The motion is made on the grounds that there is no federal subject matter jurisdiction in this action and substantial defects in Defendant FRANK W. PASS' ("Pass") removal procedure. Plaintiff is entitled to an award of attorneys fees pursuant to 28 U.S.C. § 1447(c) as this action was improperly removed to frustrate and otherwise seek to impede Plaintiff's ability to recover possession of real property which it lawfully owns. Simply put, this is an unlawful detainer action involving only the issue of possession of real property located in Orange County, which has been improperly removed to this Court by Defendant Pass.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and Declaration of Darlene Vigil attached hereto in support of the motion, the Request for Judicial Notice filed concurrently herewith and the pleadings and papers on file in this action.

WHEREFORE, Plaintiff moves, as follows:

///
///
///
///
///
///

1. For an order by this Court remanding this case to the Superior Court of the State of California, County of Orange-Harbor Justice Center, and for an award of reasonable attorneys' fees and costs in the amount $1,837.50.

                                              Respectfully submitted,

Dated: March 26, 2008                  Wright, Finlay and Zak, LLP

                                  By: */s/ Kathy Shakibi*
                                        Kathy Shakibi, Esq.
                                        Attorneys for Plaintiff
                                        HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee

NOTICE OF MOTION AND MOTION TO REMAND CASE

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Plaintiff seeks an order remanding this case back to the Superior Court of the State of California for the County of Orange-Harbor Justice Center, from where it was improperly removed by Defendant Franz W. Pass ("Pass"), for lack of federal subject matter jurisdiction and substantial defects in Pass' removal procedure, specifically, defects in the form and content of Pass' removal notice.

The facts of this case are straight-forward. This is a residential unlawful detainer after a non-judicial foreclosure sale. In or about March, 2005, Defendant Franz Pass and his wife, Joan I. Pass executed a deed of trust encumbering the real property commonly known as 11 Glastonbury Place, Laguna Niguel, California 92677 ("Property").[1] The deed of trust was recorded in the Official Records of Orange County, State of California on March 17, 2005, as Instrument Number 20050002000168 (the "Deed of Trust").[2] On or about January 22, 2008, the trustee or successor trustee under the Deed of Trust, conducted a trustee's sale of the Property ("Sale") and the Property reverted to Plaintiff.[3] The Sale was held in accordance with Section 2924 of the California Civil Code under a power of sale clause contained in the Deed of Trust.[4] Plaintiff's title to the Property was duly perfected by recordation of the Trustee's Deed upon Sale in the Official Records of Orange County on January 22, 2008.[5] Plaintiff is the lawful owner of the Property.

---

[1] See, Complaint attached as Exhibit "1" to the Request for Judicial Notice ("RJN") filed concurrently herewith and incorporated herein by reference as though set forth in full, ¶ 4A.
[2] Id.
[3] Id., ¶ 4B.
[4] Id.
[5] Id. ¶¶ 4B-5.

4

NOTICE OF MOTION AND MOTION TO REMAND CASE

1   On February 5, 2008, Plaintiff filed an Unlawful Detainer action against Pass and Does 1
2   through 100, in the Orange County Superior Court, Harbor Justice Center/Laguna Hills Facility,
3   Case No. 30-2008-00044373 (the "State Court Action").[6] n the State Court Action, Plaintiff
4   seeks to recover possession of the Property and holdover damages at the rate of $22.00 per day
5   commencing on February 5, 2008.[7] Essentially, Plaintiff's holdover damage request is less than
6   $1,000. On February 25, 2008, Pass filed a notice of removal in this Court.[8]
7   
8   A review of Pass' removal paperwork reveals that it is totally defective in form and
9   content. A true and correct copy of Pass' Notice of Removal ("Notice") filed in this Court is
10  attached as Exhibit "2" to the Request for Judicial Notice filed concurrently herewith. Rather
11  than contain a short and plain statement of the grounds for removal, the Notice consists of
12  incoherent, confusing and conclusory statements, completely lacking any short and plain
13  statement of the grounds for removal. In the Notice, Pass refers to the "filing of a Petition for
14  Removal"("Petition")[9]. A true and correct copy of the Petition is attached as Exhibit "3" to the
15  Request for Judicial Notice filed concurrently herewith. A review of the Petition reveals that it is
16  likewise deficient in form and content, consisting of confusing and conclusory statements
17  regarding alleged violations of the Uniform Commercial Code ("UCC")[10] and the Fair Debt
18  Collection Practices Act ("FDCPA").[11] Based on Pass' confusing and totally deficient
19  paperwork, this Court should remand this case to the State Court outright.

---

[6] Id.
[7] Id., ¶¶ 1, 10.
[8] See, Notice of Removal attached as Exhibit "2" to the RJN and incorporated herein by reference as though set forth in full.
[9] Id.
[10] See, Petition for Removal attached as Exhibit "3" to the RJN and incorporated herein by reference as though set forth in full, ¶ 1.
[11] Id., ¶ 2.

5

NOTICE OF MOTION AND MOTION TO REMAND CASE

As set forth above, the instant action involves the issue of rightful possession of residential property after a foreclosure sale. The face of the Complaint identifies one cause of action for unlawful detainer.[12] The action presents no federal question and no basis for federal jurisdiction. Since this action is more properly the subject of state court litigation, it is clear that Pass' attempt to litigate in federal court is a farce, designed solely to harass the Plaintiff, and cause it to incur further litigation costs.

Accordingly, this action is properly subject to a motion to remand and an award of reasonable attorneys' fees and costs.

II. THIS ACTION SHOULD BE REMANDED TO THE STATE COURT BECAUSE THERE ARE NO GROUNDS FOR FEDERAL SUBJECT MATTER JURISDICTION.

As a general matter, federal courts have subject matter jurisdiction over civil actions arising under the Constitution, laws, or treatises of the United States.[13] A defendant may remove to federal court any action over which the federal court would have had original subject matter jurisdiction.[14]

Federal question jurisdiction extends to those cases in which a well-pleaded complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.[15] *The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.*[16] The federal question must be disclosed upon

---

[12] See, RJN, Exhibit "1."
[13] *United States v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005).
[14] 28 U.S.C. § 1441.
[15] *Federal Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841 (1983).
[16] *Wayne v. DHL Worldwide Express*, 294 F.3d. 1179, 1183 (9th Cir. 2002)

1  the face of the complaint, unaided by the answer or by the petition for removal.[17] The existence
2  of a defense based on federal law, however, is insufficient to support jurisdiction, even if both
3  parties agree that the federal defense is the only question truly at issue.[18]
4
5  In addition, the removal statute is strictly construed against removal jurisdiction, and the
6  burden of establishing federal jurisdiction falls on the party invoking the statute.[19] *The propriety
7  of removal is determined solely on the basis of pleadings filed in state court, i.e. by looking "to
8  the complaint at the time the removal petition was filed."*[20]
9
10  Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in
11  the removal procedure."[21] According to the Notice and Petition filed in this case, Pass' removal
12  to this Court is based upon Pass' allegations of alleged violations of the UCC and FDCPA.[22]
13  Essentially, Pass has removed the State Court Action to this Court based upon his alleged
14  defenses to the Complaint. However, it is well established that removability cannot be created
15  by defendant pleading a counter-claim presenting a federal question.[23] In this case, the face of
16
17  Plaintiff's Complaint contains no federal question, and removal cannot be based solely on
18  allegations of alleged violations of the UCC or the FDCPA first raised in Pass' Petition.
19
20  Additionally, state law prohibits a defendant, such as Pass, from adding unrelated claims
21  to an unlawful detainer action. "The summary character of [an unlawful detainer] action would
22  be defeated if, by cross-complaint or counterclaim, issues irrelevant to the right of immediate
23  possession could be introduced."[24] In addition, federal courts do not have jurisdiction to

---

[17] *Gully v. First Nat. Bank*, 299 U.S. 109, 113, 57 S.Ct. 96 (1936)
[18] *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002)
[19] *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).
[20] *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).
[21] 28 U.S.C. § 1447(c); *Buckner v. FDIC*, 981 F.2d 816, 820 (5th Cir. 1993)
[22] See, RJN, Exhibit "3," ¶¶ 1-2.
[23] *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985)
[24] *Glendale Fed. Bank v. Hadden*, 73 Cal.App.4th 1150, 87 Cal.Rptr.2d 102, 104 (Cal.App.4.Dist. 1999)

adjudicate title or interests in real property unless the United States claims an interest.[25] In this case, the United States is not a party to the action filed by Plaintiff, and it claims no interest in the Property.

Since removal cannot be based on the reasons alleged by Pass, and since state law prohibits his claims from being attached to the underlying eviction proceeding, Plaintiff's motion to remand this case back to the state court should be granted.

III.   **THIS ACTION SHOULD BE REMANDED TO THE STATE COURT DUE TO DEFECTS IN PASS' REMOVAL PROCEDURE.**

The procedures for properly removing an action from State Court to Federal Court are set forth in 28 U.S.C. § 1446. As set forth in the statute, a defendant must comply with these procedures in order to invoke federal removal jurisdiction. Specifically, 28 U.S.C. 1446(a) provides that a defendant must file with the district court a notice of removal, "containing a short and plain statement of the grounds for removal." This Pass has failed to do. Rather than file a short and plain statement as required, Pass filed a confusing, conclusory and completely deficient pleading under the guise of a notice of removal. Based on this defect alone, this action should be remanded to the State Court.

IV.   **PLAINTIFF IS ENTITLED TO RECOVER ITS ATTORNEY FEES AND COSTS INCURRED AS A RESULT OF FILING THIS MOTION TO REMAND**

On granting a motion for remand, the federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[26] The statutory purpose is to deter the possibility of abuse, unnecessary expense and

---

[25] 28 U.S.C. § 2409a; *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1992 (9th Cir. 1999)
[26] 28 U.S.C. § 1447(c); *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240. (6th Cir. 1993)

harassment if a defendant removes improperly.[27] In this case, there is no basis for federal subject matter jurisdiction. Clearly established state and federal law unequivocally prohibit removal under the circumstances of this case. Moreover, Pass' removal action has frustrated the summary nature of the unlawful detainer action against him and has forced the prolonged expenditure of resources in both state and federal court. Plaintiff respectfully submits that Pass filed the removal to this Court for one purpose: cause unnecessary delay and otherwise seek to impede Plaintiff's rights to recover possession of real property, which it lawfully owns. As such, Plaintiff respectfully requests that it be allowed to recover its reasonable fees and costs incurred in filing this motion for remand.

## V.   CONCLUSION

Based on the foregoing, it is clear that Pass' removal of this action to the Federal Court is improper. It is patently clear that this tactic was designed by Pass to harass Plaintiff and cause Plaintiff unnecessary delay in recovering possession of its real property.

Accordingly, this motion to remand should be granted and Plaintiff allowed to recover its reasonable attorney fees and costs incurred in filing this motion for remand in the amount of $1,837.50.

WRIGHT, FINLAY & ZAK, LLP

Dated: March 26, 2008   By: __/s/ Kathy Shakibi__
Kathy Shakibi, Esq.
Attorneys for Plaintiff HSBC

---

[27] *Circle Industries USA, Inc. v. Parke Const. Group, Inc.*, 183 F.3d 105, 109. (2nd Cir. 1999).

### DECLARATION OF DARLENE VIGIL IN SUPPORT OF MOTION

I, Darlene C. Vigil, declare:

1. I am an attorney at law, duly licensed to practice before all courts of the State of California, and am associated with the law firm of Wright, Finlay & Zak, LLP, attorneys of record for Plaintiff HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee ("HSBC").

2. I have personal knowledge of each of the facts set forth in this Declaration, and could testify to each fact set forth herein, if called and duly sworn by this Court.

3. I make this Declaration in support of HSBC's Motion to Remand Case and Request for Attorney Fees and Costs (the "Motion").

4. On February 24, 2008, at approximately 7:20 p.m., I telephoned Defendant Franz W. Pass by dialing (949) 496-3324 to meet and confer in an effort to reach an amicable resolution prior to filing the Motion. Upon dialing (949) 496-3324, I spoke directly to Pass' wife, Joan I. Davis-Pass, who advised that Pass was not available but that I could leave a detailed message for Pass with her. I informed Ms. Pass that our office represented HSBC and I was calling to meet and confer prior to filing the Motion. I advised Ms. Pass that our office intended to file on Wednesday, March 26, 2008, a Motion to Remand the case back to the Orange County Superior Court and, further, HSBC's position that the removal was improperly filed. I had an extensive conversation with Ms. Pass regarding the grounds for the Motion and HSBC's intention to seek attorneys fees and costs incurred in connection with the Motion.

5. After speaking with Ms. Pass at length, I requested that she leave a detailed message for Pass regarding the content of our conversation with a request that Pass contact our office to meet and confer.

6. As of the time of signing this Declaration, I have received no return communication from Pass.

7. Our office spent 4.5 hours preparing this motion to remand at a billing rate of $175.00, for a total of $787.50. I also anticipate an additional six hours to prepare a reply to

/

1 | Defendant's opposition and to attend the hearing on the motion. Accordingly, an additional
2 | $1,050.00 will be incurred, for a total amount of fees of $1,837.50.
3 |     8.     Therefore, HSBC also respectfully requests that the Court award Plaintiff its
4 | reasonable attorneys fees in the sum of $1,837.50 plus costs incurred in filing the Motion.
5 |     I declare under penalty of perjury under the laws of the United States of America that the
6 | foregoing is true and correct. This Declaration is executed on this 26th day of March, 2008 at
7 | Newport Beach, California.

                                      */s/ Darlene C. Vigil*
                                      Darlene C. Vigil, Declarant

2

NOTICE OF MOTION AND MOTION TO REMAND CASE

**PROOF OF SERVICE**

I, Nancy Wheeler, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On March 26, 2008, I served the within NOTICE OF MOTION AND MOTION TO REMAND CASE AND REQUEST FOR ATTORNEYS FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF DARLENE VIGIL IN SUPPORT OF MOTION on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Frank W. Pass
11 Glastonbury Place
Laguna Niguel, CA 92677

[X]   (BY MAIL SERVICE) I placed such envelope(s) with postage thereon fully prepared, to be deposited in the U.S. Mail at Newport Beach, California, to the aforementioned addressee(s).

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission.

[ ]   (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on March 26, 2008, at Newport Beach, California.

Nancy Wheeler

1

PROOF OF SERVICE